UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEAN HALL,

                Plaintiff,

    v.

RELIANT REALTY SERVICES, SERVICE EMPLOYEES INTERNATIONAL UNION,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-385 (HG) (SJB)

**HECTOR GONZALEZ**, United States District Judge:

On January 13, 2023, Plaintiff Dean Hall commenced this fee-paid *pro se* action against Defendants Reliant Realty Services ("Reliant") and Service Employees International Union ("SEIU" or "Local 32BJ")[1], alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 at 1 (Complaint); ECF No. 16 (Plaintiff's Supplemental Letter).[2] Plaintiff also alleges, without clear factual allegations, claims against Reliant for "Cruel and Inhumane Employee Punishment," in violation of the Eighth Amendment, "Character Assasination [sic]," "Employer Misconduct with disregard of Human life," and criminal tax fraud. *See generally* ECF Nos. 1, 15, 16, 17 (collectively, Plaintiff's Supplemental Letters). On

---

[1] SEIU points out that Plaintiff mistakenly named it rather than Service Employees International Union, Local 32BJ ("Local 32BJ"), as defendant in this case (SEIU is the union with which Local 32BJ, the entity that was Plaintiff's bargaining representative, is affiliated). ECF No. 35 at 2 (Local 32BJ's Motion to Dismiss). Because Plaintiff is proceeding *pro se*, properly served Local 32BJ, which has appeared, and correctly listed Local 32BJ's address rather than that of SEIU in the Complaint, the Court will assume for the purpose of this Order that Plaintiff intended to name Local 32BJ rather than SEIU as the defendant in this case.

[2] The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

June 27, 2023, Defendants moved to dismiss. ECF No. 34 (Reliant's Motion); ECF No. 35. For the reasons set forth herein, the motions are granted and the Complaint is dismissed.

## BACKGROUND

For the purpose of this motion, and because Plaintiff is proceeding *pro se*, the Court accepts as true the well-pleaded allegations set forth in the Complaint and the attachments thereto, *see* ECF No. 1,[3] as well as the additional allegations raised by Plaintiff in his letters to the Court that were intended to supplement his Complaint, *see generally* ECF Nos. 15, 16, 17,[4] and his letters filed in opposition to Defendants' Motion to Dismiss, *see generally* ECF Nos. 42, 53, 55, 59, 60, 61, 63 (collectively, Plaintiff's Opposition).[5]

Plaintiff alleges that he was employed by Reliant for seven years as a janitor at one of its buildings and that, after he took and returned from medical leave due to an unspecified disability, he was terminated from his employment. ECF No. 1 at 7–8, 16; *see generally* ECF Nos. 55, 63.

---

[3] "In considering a motion to dismiss, . . . a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

[4] When a "plaintiff is proceeding *pro se*, the [c]ourt will consider the Original Complaint and the Amended Complaint together as the operative pleading." *Little v. City of New York*, No. 13-cv-3813, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014); *see also Jarvois v. Ferrara*, No. 18-cv-3997, 2020 WL 6585701, at *1 (S.D.N.Y. Nov. 9, 2020) (because Plaintiff was proceeding *pro se*, the court construed multiple letters filed by Plaintiff and their attachments as, cumulatively, "the operative pleading").

[5] Although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is *pro se*, the Court will consider Plaintiff's letters filed in opposition to Defendants' motions in deciding the motions. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Guzman v. Barr*, No. 19-cv-7163, 2021 WL 135909, at *2 (S.D.N.Y. Jan. 14, 2021) ("In addition to what is contained in the complaint, the Court may consider factual statements made in a *pro se* plaintiff's opposition to a motion to dismiss.").

Beginning in or around July 2021, Plaintiff was seen by doctors at the Woodhull Medical Center for unspecified psychiatric health issues. ECF No. 1 at 10–15. Plaintiff attaches to his Complaint a number of letters and forms from doctors at the Woodhull Medical Center stating that they saw Plaintiff for appointments at various dates and times between July and October 2021 and listing different potential return-to-work dates. *Id.*

On September 10, 2021, Plaintiff received a letter from Reliant informing him that, due to his failure to provide "periodic reports of [his] status and intent to return to work," he needed to provide a doctor's note "indicating [whether he could] return to work and, if able to return, [whether he would] be able to perform the essential functions of [his] job with or without reasonable accommodation," and warning that if he failed to do so, he would be terminated "for job abandonment." *Id.* at 16. Plaintiff does not allege that he ever replied to this letter or provided the requested note. As best the Court can determine from his Complaint, Plaintiff was terminated from his job with Reliant on or around November 16, 2021. ECF No. 1 at 7–8. Plaintiff admits that when Reliant terminated him, they provided him with "a termination letter that had nothing to do with my medical situation whatsoever." ECF No. 55 at 2.

On November 22, 2021, pursuant to Reliant and Local 32BJ's collective bargaining agreement, Local 32BJ submitted two disputes related to Plaintiff to Reliant and asked Reliant to schedule the matter for a grievance committee hearing "as soon as practicable." ECF No. 16 at 2. The two disputes related to Plaintiff's allegation that he was "unjustly discharged effective 06/24/2021," and his allegation that he was being paid "the incorrect contractual wage rate effective 01/08/2021." *Id.* On December 2, 2022, Plaintiff filed a discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC") in which he alleged that Reliant "fail[ed] to accommodate[] my disability" and stated that November 16, 2021, was

3

the date of the most recent discriminatory job action that he had suffered. ECF No. 1 at 7. On August 17, 2022,[6] Local 32BJ wrote to Plaintiff to inform him that it had scheduled a Grievance Appeals Board hearing in September regarding his complaint against Reliant. *Id.* at 27. On September 19, 2022, Local 32BJ wrote to Plaintiff to inform him that the Local 32BJ Joint Executive Board had "adopted the recommendation of the Grievance Appeal Board" and had denied his appeal "based upon the determination that the complaint lacks sufficient merit for the Union to be likely to prevail in arbitration." *Id.* at 26. On January 5, 2023, Plaintiff received a "Notice of Right to Sue" from the EEOC. *Id.* at 2.

Plaintiff also attaches to his Complaint documents related to his 2020 tax return and his life insurance policy. *Id.* at 17–25; ECF No. 17 at 2–7. From those documents, it appears that on May 9, 2022, Plaintiff received a letter from the IRS outlining proposed changes to his 2020 tax return, including an increase in his taxable wages such that he owed additional taxes to the IRS. ECF No. 1 at 17–23. Plaintiff disputed the proposed changes and provided the IRS with additional information on May 20, 2022, and September 16, 2022. *Id.* at 24–25. It also appears that Plaintiff maintained life insurance and short-term disability policies while employed by Reliant. ECF No. 17 at 2–7. After Plaintiff was terminated, his coverage under the policies also ended. *Id.* On April 13, 2022, Plaintiff communicated by email with a customer service representative from Companion Life Insurance, who told him that she was unable to locate him in the company's system. *Id.* at 2. Citing that email, Plaintiff alleges that the life insurance policy was "bogus" and that the premiums he paid for the coverage "need to be returned . . . due

---

[6] Plaintiff does not explicitly state the outcome of the grievance committee hearing or provide details regarding what transpired between November 22, 2021, and August 17, 2022. However, based on subsequent letters from Local 32BJ and Plaintiff's allegations against Local 32BJ, the Court understands that Plaintiff was not granted the relief he sought at the hearing.

4

to the fraud that was bestowed upon [him] living thinking that [he] had insurance!  When in fact [he] didn't."  *Id.* at 1.

Based on these facts, Plaintiff alleges that his treatment and termination by Reliant violated the ADA, either because Reliant's decision to terminate him was based on his disability or because Reliant failed to accommodate his disability after he returned from medical leave.  ECF No. 1 at 7–8; ECF No. 15; ECF No. 63.  Plaintiff also alleges that Local 32BJ violated the ADA by breaching its duty of fair representation because it "disregarded" his allegedly wrongful termination and failed to "defend" him or seek his reinstatement.  ECF No. 1 at 8.  Beyond his ADA claims, Plaintiff alleges a claim against Reliant for "Cruel and Inhumane Employee Punishment," in violation of the Eighth Amendment, and a claim against Reliant and Local 32BJ that he should have been paid more under the collective bargaining agreement, pursuant to Section 301 of the LMRA.  ECF No. 1 at 8; ECF No. 16 at 1–5.  Although difficult to categorize, Plaintiff also alleges that Reliant engaged in "criminal acts" related to the filing of his taxes with the IRS.  ECF No. 1 at 8.  Finally, in addition to his federal claims, Plaintiff appears to assert a set of unspecified tort claims arising under state common law, including defamation and "employer misconduct with disregard of Human life."  ECF No. 1 at 1.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in a plaintiff's complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."

5

*Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, a complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

### I. Plaintiff's ADA Claims Must be Dismissed

Plaintiff appears to assert that, in violation of the ADA, Reliant discriminated against him by dismissing him from his employment, and Local 32BJ breached its duty of fair representation to him. Although the ADA does prohibit covered entities, including employers and unions, from discriminating in employment against any qualified individual on the basis of a disability, *see* 42 U.S.C. § 2000e–2(c) §§ 12111(2), 12112, both claims must be dismissed.

#### A. Plaintiff's ADA Claims Against Reliant Are Time Barred

"A litigant must have filed a timely charge . . . with the [EEOC] as a condition precedent to the filing of an action in federal court pursuant to the [ADA]." *Cherry v. City of New York*,

6

381 F. App'x 57, 58 (2d Cir. 2010). "[I]n order for plaintiff to bring an ADA claim in federal court, [he] must file an administrative charge with the EEOC within 300 days of the alleged discriminatory acts, and bring suit within 90 days of obtaining a right to sue letter from the EEOC." *Bertuzzi v. Copiague Union Free Sch. Dist.*, 17-cv-4256, 2020 WL 5899949, at *15 (E.D.N.Y. March 9, 2020); *see also Zerilli-Edelglas v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (affirming district court's grant of defendants' motion to dismiss plaintiff's ADA claim because plaintiff failed to file a formal complaint with EEOC within 300 days of allegedly discriminatory act). The rule prohibiting a litigant's suit unless the litigant has filed a timely charge with the EEOC, "is true even with respect to *pro se* litigants." *Lee v. Verizon*, No. 15-cv-523, 2016 WL 737916, at *2 (E.D.N.Y. Feb. 23, 2016).

Plaintiff states that he filed his administrative charge with the EEOC on December 2, 2022. ECF No. 1 at 7. Therefore, to be timely filed, Plaintiff's EEOC charge had to have been based on alleged discriminatory acts that occurred on or after February 5, 2022 (300 days prior to December 2, 2022). However, Plaintiff states in his EEOC charge and throughout his Complaint that the last discriminatory act that took place against him occurred on November 16, 2021 (the date he was apparently terminated by Reliant), almost three months prior to February 5, 2022, and 381 days before he filed his administrative charge with the EEOC. *See, e.g.*, ECF No. 1 at 7. Accordingly, Plaintiff's discrimination claim must be dismissed as untimely because it is based on acts that took place more than 300 days prior to the filing of his EEOC charge. *See, e.g.*, *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 144 (E.D.N.Y. 2015) ("Although plaintiff is *pro se*, and thus entitled to a more lenient construction of her claims by the court, a motion to dismiss must be granted for any claims based on allegedly discriminatory acts or events occurring prior to 300 days from the filing of a charge of discrimination with the EEOC."); *Gindi*

7

*v. Bennett*, No. 15-cv-6475, 2018 WL 4636794, at *2 (E.D.N.Y. Sept. 27, 2018) (dismissing *pro se* plaintiff's ADA claims as time-barred because acts of discrimination alleged in complaint and EEOC charge occurred more than 300 days before EEOC charge was filed); *Cherry*, 381 F. App'x at 58–59 (upholding district court's dismissal of plaintiff's claims because plaintiff's administrative complaint was not filed until a year after allegedly discriminatory action, his termination, occurred).[7]

### B. Plaintiff's ADA Claims Against Local 32BJ Must be Dismissed

Discrimination claims against a union under the ADA are analyzed differently from discrimination claims against an employer. *See, e.g.*, *McIntyre v. Longwood Cent. Sch. Dist.*, 380 F. App'x 44, 49 (2d Cir. 2010); *Klaper v. Cypress Hills Cemetery*, No. 10-cv-1811, 2012 WL 959403, at *7 (E.D.N.Y. Mar. 21, 2012). To make out an ADA claim against Local 32BJ, Plaintiff must allege facts showing that Local 32BJ breached its duty of fair representation to Plaintiff, and that its "actions were motivated by discriminatory animus." *McIntyre,* 380 F. App'x at 49; *see also Klaper,* 2012 WL 959403, at *7.

"The duty of fair representation is a statutory obligation under the [National Labor Relations Act], requiring a union to serve the interests of all members without hostility or discrimination, . . . to exercise its discretion with complete good faith and honesty, and to avoid

---

[7] Because Plaintiff's disability discrimination claim against Reliant is time barred, the Court need not reach the question of whether Plaintiff plausibly alleges a violation of the ADA. The Court notes, however, that Plaintiff's pleadings are devoid of clear allegations that Plaintiff "suffered an adverse employment action *because of* his disability," as required to state a *prima facie* case of discrimination under the ADA. *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (emphasis added); *see also Littlejohn v. City of New York,* 795 F.3d 310 (2d Cir. 2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face). And, to the extent Plaintiff intends to assert a claim based on a failure-to-accommodate theory, Plaintiff has not alleged facts to demonstrate that he requested accommodations that would have allowed him to perform the essential functions of his job and that Reliant failed to make such accommodations. *McMillan*, 711 F. 3d at 126.

arbitrary conduct." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015); *see also Vaca v. Sipes*, 386 U.S. 171, 177 (1967). "A union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Forkin v. Loc. 804 Union (IBT)*, 394 F. Supp. 3d 287, 300 (E.D.N.Y. 2019). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness, . . . as to be irrational." *Perero v. Hyatt Corp.*, 151 F. Supp. 3d 277, 284 (E.D.N.Y. 2015). "A union's conduct is discriminatory when substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives." *Id*. Finally, "[t]o plead that a union's actions were undertaken in bad faith, the plaintiff must allege fraudulent, deceitful, or dishonest action." *Id*.

When a plaintiff sues a union alleging that it breached its duty of fair representation, the court's review "must be highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991). While a union "may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion," *Vaca,* 386 U.S. at 191, "the duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance," *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1153–54 (2d Cir. 1994). *See also Oparaji v. United Fed'n of Tchrs.,* 418 F. Supp. 2d 139, 147 (E.D.N.Y. 2006) ("Conduct that is irresponsible or grossly negligent but lacks an improper motive does not constitute a breach of the duty of fair representation."); *Bryant v. Verizon Comms., Inc.*, 550 F. Supp. 2d 513, 532 (S.D.N.Y. 2008) ("It is well established that a union member does not have an

9

absolute right to have h[is] grievance taken to arbitration."). Moreover, "although a union has a duty to perform some minimal investigation, only an egregious disregard for union members' rights constitutes a breach of the union's duty to investigate." *Thomas v. Little Flower for Rehab. & Nursing*, 793 F. Supp. 2d 544, 548 (E.D.N.Y. 2011).

Applying these exacting standards to Plaintiff's claim against Local 32BJ leads to the inevitable conclusion that Plaintiff has failed to assert a viable claim that Local 32BJ, motivated by discriminatory animus, breached its duty of fair representation. Plaintiff does not suggest that Local 32BJ arbitrarily ignored his meritorious grievances or processed them in a perfunctory fashion. *Vaca,* 386 U.S. at 191. Rather, as Plaintiff himself acknowledges, Local 32BJ: (1) timely raised two disputes with Reliant on Plaintiff's behalf and asked Reliant to schedule a grievance committee hearing regarding Plaintiff's claims, *see* ECF No. 16 at 2; (2) scheduled a Grievance Appeals Board hearing to allow Plaintiff to appeal Local 32BJ's decision regarding whether to pursue his claims, *see* ECF No. 1 at 27; and (3) after participating in a Grievance Appeals Board hearing, determined that Plaintiff's disputes lacked sufficient merit for the Union to be likely to prevail in arbitration, *see id.* at 26. Not only did Local 32BJ expend time and resources raising Plaintiff's grievance with Reliant and calling for a hearing—it also provided Plaintiff with significant process within the union to make his case as to why it should proceed with his claims before concluding that they lacked merit. *See e.g.*, *Cruz*, 34 F.3d at 1153–54 ("the duty of fair representation is not breached where the union fails to process a meritless grievance"). At most, Plaintiff's allegations, which lack details about Local 32BJ's conduct beyond attaching communications between Local 32BJ and both Plaintiff and Reliant, make out a general claim of dissatisfaction with the result of Local 32BJ's efforts on his behalf. And, none

10

of Plaintiff's allegations plead with any particularity that Local 32BJ's complained-of actions, or failures to act, were done in bad faith or were otherwise arbitrary or discriminatory.

In short, Plaintiff has failed to allege facts to demonstrate that Local 32BJ breached its duty of fair representation. Specifically, he has not alleged that any action or omission on the part of Local 32BJ was arbitrary, discriminatory, or done in bad faith. Accordingly, Plaintiff's ADA claims against Local 32BJ must be dismissed. *See Klaper*, 2012 WL 959403, at *12.

## II. Plaintiff's Allegations of Cruel and Inhumane Punishment Fail to State an Eighth Amendment Claim

Plaintiff also asserts that Reliant engaged in "Cruel and Inhumane Employee Punishment." ECF No. 1 at 1. Although Plaintiff does not specify a legal basis for his claim, claims alleging cruel and inhumane punishment are typically pled under the Eighth Amendment of the U.S. Constitution, which prohibits the infliction of "cruel and unusual punishments." However, the Eighth Amendment constrains only *state* conduct, not the acts of private entities. *Flagg v. Yonkers Sav. & Loan Ass'n*, 386 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action, . . . which requires *both* an alleged constitutional deprivation . . . *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." (emphasis in original)). Additionally, "the Eighth Amendment applies only to claims of cruel and unusual punishment imposed on an individual after he has been convicted of a crime." *Wilson v. Doe*, No. 19-cv-4539, 2019 WL 5895497, at *2 (E.D.N.Y. Nov. 12, 2019); *see also Whitley v. Albers*, 475 U.S. 312, 318–19 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the state has complied with the constitutional guarantees traditionally associated with

11

criminal prosecutions."). Here, Plaintiff does not allege facts to suggest that Reliant is a state actor or acted under color of state law, nor that he was convicted of a crime. Accordingly, Plaintiff's Eighth Amendment claim must be dismissed.

### III. Plaintiff's Hybrid LMRA/Duty of Fair Representation Claim Related to His Wage Rate Must Be Dismissed

Plaintiff alleges that under Defendants' collective bargaining agreement he should have received a higher salary than he was paid. ECF No. 16. Because "Section 301 of the LMRA governs actions by an employee against an employer for breach of a collective bargaining agreement," the Court construes Plaintiff 's allegations as asserting a claim under Section 301 of the LMRA. *Dougherty v. American Tel. and Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990); *see also Cantave v. Uptown Comms. & Elec. Inc.*, No. 14-cv-1838, 2015 WL 4716539, at *3 (E.D.N.Y. Aug. 7, 2015) ("Claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement, are . . . governed exclusively by § 301 of the LMRA.").

Because Plaintiff brings his LMRA claim against both Reliant and Local 32BJ, his claim is a so-called "hybrid § 301/fair representation claim." *Black v. Anheuser-Busch In Bev*, 220 F. Supp. 3d 443, 449 (S.D.N.Y. 2016) (stating that "a suit in which an employee alleges that an employer has breached a CBA and that a union has breached its duty of fair representation by failing to enforce the CBA is known as a hybrid § 301/fair representation claim"). Under any such claim, an employee may sue both the employer and the union, but "must prove *both* (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *Id.* (emphasis added). Therefore, if Plaintiff fails to state a claim regarding his wage rates against either Reliant or Local 32BJ, his claim must be dismissed. *See DelCostello v. Int'l. Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

Plaintiff's Complaint makes it clear that Local 32BJ took the same steps to pursue Plaintiff's wage rate claims against Reliant as it took to pursue Plaintiff's ADA claims. ECF No. 16 at 2; ECF No. 1 at 26–27. The Court has already found that Local 32BJ did not "arbitrarily ignore" Plaintiff's grievances or process them "in a perfunctory fashion." *Vaca*, 386 U.S. at 191; *see also supra* Section I.B. Accordingly, under the "highly deferential" standard that the Court must apply when reviewing a union's conduct, and for the reasons stated in Section I.B, the Court also finds that Plaintiff has failed to state a claim that Local 32BJ breached its duty of fair representation with respect to his hybrid LMRA wage rate claims. Plaintiff's failure to establish his duty of fair representation claim against Local 32BJ means that his "hybrid § 301/DFR claim against [Reliant] necessarily fails as well" because "proof of a hybrid § 301/DFR claim requires proof of violations by both the union and the employer." *White v. White Rose Food,* 237 F.3d 174, 183 (2d Cir. 2001).

Even if Plaintiff could state a claim against Local 32BJ for breach of its duty of fair representation with respect to his wage rate, his hybrid LMRA claim would still fail because he does not state a claim that Reliant breached the collective bargaining agreement. "Before bringing [an action pursuant to § 301 of the LMRA against an employer], the employee must exhaust grievance procedures provided by the relevant collective bargaining agreement." *Dougherty*, 902 F.2d at 203; *see also Freeman v. River Manor Corp.*, No. 17-cv-5162, 2019 WL 1177717, at *2 (E.D.N.Y. Mar. 13, 2019) (same); *Shearon v. Comfort Tech Mech. Co., Inc.*, 936 F. Supp. 2d 143, 155 (E.D.N.Y. 2013) ("To bring a claim under Section 301 of the LMRA, an employee must at least attempt to exhaust . . . procedures established by the [collective bargaining agreement]."); *Vaca*, 386 U.S. at 184 (when an employee's claim under Section 301

13

is "based upon breach of the collective bargaining agreement, he is bound by the terms of that agreement which govern the manner in which contractual rights may be enforced").

Plaintiff acknowledges that there was a collective bargaining agreement between Defendants that governed the very issue he now raises—employee pay. He includes in his Complaint a letter from Local 32BJ to Reliant explaining that Local 32BJ and Reliant "are signator[ies] to a collective bargaining agreement which provides that in the event of disputes, the matter shall be referred to the Joint Industry Grievance Committee." ECF No. 16 at 2.[8] Plaintiff, however, does not allege that he exhausted the grievance procedures provided by the collective bargaining agreement related to his wage claim, nor does he assert, even reading his pleadings "to raise the strongest arguments that they suggest," as the Court must do, *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), that he falls under one of the recognized exceptions to the exhaustion requirement.[9] Accordingly, because Plaintiff has not alleged that he exhausted his wage rate claim against Reliant, he cannot prove that Reliant breached the collective bargaining agreement, and his hybrid LMRA/duty of fair representation claim must be dismissed. *See, e.g., Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 101 (2d Cir. 2022) (plaintiff's duty of fair representation "claim against his labor union is derivative of—that is, inextricably interdependent with—his claim against his employer under section 301 of the LMRA" and so must be dismissed if plaintiff cannot assert a "viable section 301 claim").

---

[8] Plaintiff also references what the "pay per hour for a superintendent was suppose[d] to be," attaches a letter referencing the "contractual wage rate," and attaches pages that appear to be scanned from Defendants' collective bargaining agreement or a handout summarizing the agreed-upon pay scale under that agreement. ECF No. 16 at 1–3.

[9] "The law will excuse an employee's failure to exhaust arbitration remedies in three circumstances: (1) where the employer has repudiated private grievance mechanisms; (2) where the union has breached its duty of fair representation; or (3) where the union member shows that arbitration would be futile." *Vera v. Saks & Co.*, 208 F. App'x 66, 68 (2d Cir. 2006).

14

### IV. Plaintiff Cannot State a Claim for Criminal Tax Fraud

Plaintiff alleges that his "taxes were submitted illegally" by Reliant. ECF No. 1 at 5. It is difficult to make out a claim from Plaintiff's statements regarding his taxes, but he appears to be alleging that Reliant committed criminal tax fraud. "It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government" rather than "by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972). "It is well settled that, unless specifically provided for, federal criminal statutes rarely create private rights of action." *Daniel v. Safir*, 135 F. Supp. 2d 367, 376 (E.D.N.Y. 2001) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see also Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). "Federal courts have consistently refused to imply a private cause of action under the tax laws, including actions of employees against employers." *Seabury v. City of New York*, No. 06-cv-1477, 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006). The federal tax code "does not provide for a private right of action" and "[p]rivate citizens cannot enforce the provisions of the tax code." *Id.* Accordingly, because Plaintiff is a private citizen, his criminal tax fraud claim against Reliant must be dismissed.[10]

### V. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims

"District courts may use their discretion in deciding whether to exercise supplemental jurisdiction over state law claims after dismissing a plaintiff's only federal claims." *Probiv v. PayCargo LLC*, No. 22-cv-2907, 2023 WL 159788, at *5 (E.D.N.Y. Jan. 11, 2023); 28 U.S.C. § 1367(c)(3) (A district court "may decline to exercise supplemental jurisdiction" over a "state

---

[10] To the extent that Plaintiff's allegations regarding his taxes can be interpreted as alleging a tort claim under state law, the Court declines to exercise supplemental jurisdiction over any such claim, as stated in Section V, *infra*.

15

law claim[]" if the district court "has dismissed all claims over which it has original jurisdiction"); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (a court's resolution of all the claims over which it has original jurisdiction before trial "generally points to declining to exercise supplemental jurisdiction" over any remaining claims). Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining unspecified tort claims that arise under state law, without prejudice to Plaintiff asserting these claims in state court. *See Powell v. N.Y. State Dep't of Educ.*, No. 18-cv-7022, 2022 WL 900605, at *13–14 (E.D.N.Y. Mar. 28, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing plaintiff's federal claims).

### VI. The Court Declines to Grant Plaintiff Leave to Amend

Plaintiff does not seek leave to amend. However, because he is representing himself the Court nevertheless has considered whether amendment here is warranted. Although the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)," the Court declines to grant Plaintiff leave to amend his Complaint. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend). Here, although Plaintiff has not formally amended his Complaint, he has filed three letters intended to

16

supplement his Complaint and at least seven letters that, in considering the instant motion, the Court has construed as his Opposition to Defendants' Motions to Dismiss and as further amendments to his Complaint.

The fact that Plaintiff's Opposition neither seeks leave to amend, nor explains how Plaintiff would amend to provide additional facts not already set forth in the Complaint and the Opposition is sufficient reason by itself to deny leave to amend. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments"); *Harris v. Mondelēz Glob. LLC*, No. 19-cv-2249, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (denying leave to amend because plaintiff "offer[ed] no explanation of what new allegations might be added"); *Hawkins v. Coca-Cola Co.*, No. 21-cv-8788, 2023 WL 1821944, at *10 (S.D.N.Y. Feb. 7, 2023) (denying leave to amend where plaintiff "ha[d] failed to . . . suggest that she is in possession of facts that would cure the deficiencies that [d]efendants highlighted in the instant motion and that the [c]ourt highlighted in [its] [o]pinion"). "[L]eave to amend is properly denied where," as here, "all indications are that the *pro se* plaintiff will be unable to state a valid claim." *Jahad v. Holder*, No. 19-cv-4066, 2023 WL 8355919, at *10 (S.D.N.Y. Dec. 1, 2023).

In any event, because the Court has considered the allegations raised for the first time in Plaintiff's Supplemental Letters and Opposition as if they were included in the Complaint, Plaintiff has effectively been given multiple opportunities to amend. *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for the first time in *pro se* plaintiff's opposition in deciding a motion to dismiss

17

and denying plaintiff leave to file an amended complaint), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022).

Based on the above, the Court finds that dismissal with prejudice of Plaintiff's federal claims is warranted for two reasons. "First, Plaintiff has not asked for leave to amend as an alternative to denying the motion to dismiss." *Goodman v. Goodman*, No. 21-cv-10902, 2022 WL 17826390, at *21 (S.D.N.Y. Dec. 21, 2022); *see also Cybercreek Ent., LLC v. U.S. Underwriters Ins. Co.*, 696 F. App'x 554, 555 (2d Cir. 2017) ("[plaintiff's] failure to request leave to amend alone supports the District Court's dismissal with prejudice"). Second, because the Court cannot identify what additional facts Plaintiff could allege that could give rise to claims under the ADA, the LMRA, or the Eighth Amendment, it finds that "any attempt to re-plead would . . . be futile.") *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022); *In re Sibanye Gold Ltd. Sec. Litig.*, No. 18-cv-3721, 2020 WL 6582326, at *21 (E.D.N.Y. Nov. 10, 2020) ("Where nothing in the record suggests that another complaint could remedy the legal deficiencies, the district court does not abuse its discretion in failing to provide . . . leave to amend."); *Ramlogan v. 1199 SEIU*, No. 11-cv-125, 2012 WL 113564, at *5 (E.D.N.Y. Jan. 11, 2012) (finding factual allegations in *pro se* plaintiff's complaint "insufficient to state a claim for breach of the duty of fair representation" and granting motion to dismiss with prejudice).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 34, 35, are GRANTED. The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff and to enter judgment and close this action. In addition, on or before March 12, 2024, Defendants are directed to coordinate to send, by mail to Plaintiff's mailing address listed on the docket, copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in

*Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and to submit to the Court at that time proof of service.

Although Plaintiff has paid the filing fee, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
         March 5, 2024